AYRES, Judge.
By this action plaintiff seeks to recover property damages sustained to his Packard automobile in an accident of January 13, 1958, with a Pontiac automobile owned and driven at the time by Noel L. Adams, Sr., and insured by the Southern Farm Bureau Casualty Insurance Company, named defendant herein.
The accident occurred on the Market Street, Cross Bayou bridge shortly after 2:00 p. m. Market Street, a four-lane concrete paved highway, runs in a general north and south course and constitutes a segment of U. S. Highway 71. Where the highway crosses the aforesaid bayou, there is no neutral ground or barrier separating the north- and south-bound traffic lanes. Both vehicles were proceeding in'a southerly direction toward the principal business section of the City of Shreveport. Plaintiff’s automobile was driven by his wife, Neely H. Clements, accompanied by two other women. Adams was the only occupant of his car.
Plaintiff alleges that his wife and her companions left their place of employment on Market Street several blocks north of the bayou bridge, entered the street and proceeded south, occupying the left lane of the two southbound traffic lanes; that, as the bridge was approached, his car came alongside the automobile of one Almon R. Hicks, occupying the right-hand, or the outer, lane for southbound traffic; that Adams approached from the rear at an excessive rate of speed, swerved to the *242 left partially into the inner northbound traffic lane, and then swerved back to his right, the right rear of the Adams car colliding with the left front and the left rear door of plaintiff’s automobile, knocking it into the Hicks’ DeSoto, travelling, as aforesaid, to plaintiff’s driver’s right.
The defense is that defendant’s insured, Adams, was travelling in the left of the southbound traffic lanes; that plaintiff’s wife was proceeding south in the right-hand, or west, traffic lane behind the Hicks car; that as defendant’s assured approached and was in an act of passing plaintiff’s car, plaintiff’s wife suddenly, without notice or warning, and without looking or making observation of traffic conditions, swerved her car to the left and proceeded into the inner southbound traffic lane in an apparent effort to pass the Hicks car.
On trial, the only question for resolution was that of liability, the extent of the damage to plaintiff’s automobile having been stipulated. The sole issue is, therefore, one of fact, and this having been determined adversely to plaintiff, he was granted and has perfected an appeal to this court.
The witnesses testifying on behalf of plaintiff were plaintiff, his wife, and her companions, Lula Mae Hawkins and Hilda Hawkins, as well as Robert J. Wade, the police officer who investigated the accident. Plaintiff was not present and accordingly did not witness the accident. His testimony did not relate to nor have any bearing upon the question as to whose fault the accident happened. The officer had no independent recollection of the facts pertaining to the occurrence of the accident. He was unable to identify as his own or to refresh his memory from a report of the investigation made of the accident. Therefore, the only witnesses whose testimony related to the occurrence of the accident were Neely H. Clements, her two companions, and Noel L. Adams, Sr.
The evidence does not establish excessive speed on the part of either driver. We are impressed that Neely H. Clements was driving at approximately 25 miles per hour and that Adams’ speed was slightly in excess of that rate. The testimony otherwise is in irreconcilable conflict.
Neely H. Clements and her two companions testified they left their employment at Monty’s Cafe in the 1300 block of North Market Street at 2:00 p. m. and departed in plaintiff’s car driven by Neely H. Clements; that they proceeded south in the left, or inner, lane for inbound traffic and continued in that lane for approximately a mile before the accident occurred on the Cross Bayou bridge. Neely H. Clements testified that as she overtook an automobile in the lane to her right, afterwards ascertained to be the automobile of Hicks, Adams suddenly appeared to her left, taking to the inner lane for inbound traffic, and, in an attempt to come back into the inner southbound traffic lane, struck, with its right-hand fender, the left front fender of her car. According to her testimony, however, she never saw the Adams car until the cars collided.
Lula Mae Hawkins testified that just before the collision she looked back, saw the Adams vehicle approaching, which she said then swerved to its left and into the inner northbound traffic lane and attempted to pass to the left "of plaintiff’s car. Nevertheless, she made no outcry or gave any warning to the driver of the car in which she was riding. She accounts for her failure in that respect by saying that the events were happening so rapidly she had neither time nor opportunity to do so. Her version of the accident was that the Adams car struck the left rear side of the Clement automobile. Hilda Hawkins, who was seated on the right side of the back seat of plaintiff’s automobile, testified she did not see the Adams car before the accident. Neither did she know what portions of the cars made contact in the collision. There was no evidence introduced as to what part or portions of the cars actually came in contract, nor as to any physical facts to substantiate the version of the accident as *243 testified by plaintiff’s wife or the other occupants of his motor vehicle.
Opposed to the testimony of the occupants of plaintiff’s car is the testimony of Noel L. Adams, Sr. His testimony is that he was driving south on North Market Street in the left, or inner, lane for southbound traffic; that the Clements vehicle was occupying the west, or right-hand, lane for southbound traffic and was proceeding behind other cars; and that, on reaching a position approximately alongside plaintiff’s automobile, the driver thereof suddenly, without notice or warning, left the lane of traffic in which she was proceeding, to go to the left lane in front of his automobile, forcing him into such a dangerous position from which he could not extricate himself, and the collision occurred.
As stated, the opposing views as to the manner of the occurrence of the accident were conflicting and are irreconcilable. Briefly stated, plaintiff’s position is that his car was in the left-hand lane for southbound traffic, in which it had proceeded for about a mile, and that the accident occurred because of Adams’ attempt to pass to its left, even going to the extent of partially entering the inner lane for northbound traffic, whereupon, about to meet oncoming traffic and in an attempt to return to the inner southbound traffic lane, he caused the accident.
Defendant is just as adamant in his position that the Clements car was in the outer, or westernmost, lane for southbound traffic, following behind a car, or cars, and the accident’s resulting from its driver suddenly and without warning in an effort to execute a passing maneuver of the forward car, or cars, took to the left traffic lane immediately in front of defendant assured’s automobile.
At the conclusion of the trial, the district judge expressed dissatisfaction with the evidence and held that plaintiff had not established his demands by a preponderance of evidence and to the degree of certainty required by law as a basis for a judgment in his behalf. The issue being one entirely of fact, its determination must be predicated upon an inquiry into the reliability of the witnesses and evaluation of their testimony. The trial court, by having personally observed the witnesses and heard their testimony, is in much better position than we to determine these questions. This case, in our opinion, calls for the application of the rule that the judgment of the trial court, predicated upon a question of fact as to the reliability of witnesses and the evaluation of their testimony, should not be disturbed unless manifestly erroneous.
For the reasons hereinabove stated, we are unable to find that manifest error was committed.
Accordingly, the judgment appealed should be and it is hereby affirmed at appellant’s cost.
Affirmed.